FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 2 6 2022

TAMMY H. DOWNS, CLERK
By: _____ DEP/CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | |
|---|---|
| VIRGINIA JOHNSON-GRUVER, individually and on behalf of others similarly situated.<br><br>Plaintiff,<br><br>v.<br><br>SELECT HOME WARRANTY, LLC<br><br>Defendant. | Case No.: 3:22CV252-DPM<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY DAMAGES, AND REQUEST FOR INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED**<br><br>This case assigned to District Judge Marshall<br>and to Magistrate Judge Harris |

**Preliminary Statement**

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff Virginia Johnson-Gruver brings this action under the TCPA alleging that Defendant Select Home Warranty, LLC ("Select Home"), made pre-recorded telemarketing calls for purposes of promoting their goods and services without the recipient's prior express written consent.

3. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, she sues on behalf of a proposed nationwide class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff, Virginia Johnson, resides in this District.

6. Defendant Select Home Warranty, LLC is a New Jersey limited liability company with its principal place of business of 1 International Blvd Suite 400, Mahwah, NJ 07495.

## Jurisdiction & Venue

7. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

8. The Court has personal jurisdiction over the Defendant because they engaged in telemarketing conduct into this District.

9. Venue is proper under 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls were made into this District.

## TCPA Background

10. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone

number assigned to a … cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

11. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

12. The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003).

13. While "prior express consent" is required for all automated and prerecorded calls, in 2013, the FCC required "prior express written consent" for all such telemarketing calls to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

14. "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R. § 64.1200(f)(12).

### Factual Allegations

15. Select Home offers warranty services.

16. To sell its products and services, Select Home relies on telemarketing.

17. One of the telemarketing strategies used by Defendant involves the use of prerecorded messages to solicit potential customers to use its services.

18. While such automated technology may save time and money for Select Home's telemarketing efforts, it violates the privacy rights of the Plaintiff and putative class.

<u>Calls to The Plaintiff Johnson</u>

19. Plaintiff Johnson is a "person" as defined by 47 U.S.C. § 153(39).

20. Ms. Johnson' telephone number, XXX-363-XXXX, is registered to a cellular telephone service.

21. Ms. Johnson' telephone number was listed on the National Do Not Call Registry prior to her receipt of the call.

22. This number is not used for commercial purposes.

23. Ms. Johnson uses the number for personal calls.

24. Ms. Johnson received a pre-recorded message call on August 14, 15, 17, 18, and September 15, 2022.

25. The pre-recorded message stated:

> Hi, this is Select Home Warranty calling. Please call us back at (855) 267-3532.

26. The call was clearly pre-recorded because it (a) followed a delay when the machine to play the message came on (b) was generic (c) had a monotone voice.

27. The phone number left in the pre-recorded message is the number for the Defendant. *See* https://www.selecthomewarranty.com/contact/.

28. The call invaded Plaintiff's privacy and intruded upon her right to seclusion.

29. Plaintiff did not consent to receive Defendant' calls prior to the receipt of the unsolicited conduct.

**Class Action Allegations**

30. As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States:

> Robocall Class:   All persons within the United States to whom: (a) Defendant and/or a third party acting on their behalf, made one or more non-emergency telephone calls; (b) to their cellular telephone number; (c) using an artificial or prerecorded voice; and (d) at any time in the period that begins four years before the date of the filing of this Complaint to trial.

31. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

32. The Class as defined above is identifiable through phone records and phone number databases.

33. The potential members of the Class are at least in the hundreds. Individual joinder of these persons is impracticable.

34. The Plaintiff Johnson is a member of the Class.

35. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    a. Whether Defendant violated the TCPA by using automated calls to contact putative class members cellular telephones;

    b. Whether Defendant placed calls without obtaining the recipients' prior express consent for the call; and

    c. Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant' actions.

36. The Plaintiff's claims are typical of the claims of class members.

37. The Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, she will fairly and adequately protect the interests of the Class, and counsel skilled and experienced in class actions, including TCPA class actions, represents them.

38. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

39. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

40. The Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for the entire Class's membership described above.

## LEGAL CLAIMS

### First Claim for Relief
### Violation of the TCPA's Automated Call provisions

41. The Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

42. Defendant's call was made without the prior express consent, or the prior express written consent, of the called parties. 47 C.F.R. § 64.1200(a)(2); 47 C.F.R. § 64.1200(f)(8).

43. The Defendant violated the TCPA by (a) sending a pre-recorded message to the cellular telephones of class members, or (b) by the fact that others made those calls on its behalf. *See* 47 U.S.C. § 227(b).

44. The Defendant's violations were willful and/or knowing.

45. The TCPA also authorizes injunctive relief, and the Plaintiff seeks injunctive relief prohibiting Defendant from calling telephone numbers using a pre-recorded voice, absent an emergency circumstance.

### Relief Sought

WHEREFORE, for themselves and all class members, Plaintiff requests the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers using a pre-recorded voice, absent an emergency circumstance;

B. Because of Defendant's violations of the TCPA, Plaintiff seek for themselves and the other putative Class members $500 in statutory damages per violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3).

C. An order certifying this action to be a proper class action under Federal Rule of Civil Procedure 23, establishing any appropriate classes the Court deems appropriate, finding that Plaintiff are proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D. Such other relief as the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: September 26, 2022

*/s/ Jason Ryburn*,
Jason Ryburn ARBIN 2012148
Zach Ryburn ARBIN 2015061
Ryburn Law Firm
650 S. Shackleford Rd., Ste. 231
Little Rock, AR 72211
[o] (501) 228-8100
[f] (501) 228-7300
jason@ryburnlawfirm.com

Anthony I. Paronich (*pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com